UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

UNIVERSAL HEALTH CARE GROUP, INC.,   Case No. 8:13-bk-01520-KRM
                                     Chapter 11
　　　　Debtor.
_____/

AGREED ORDER GRANTING MOTION FOR
RELIEF FROM AUTOMATIC STAY
[Doc. Nos. 192 and 301]

**THIS CASE** came on for hearing on May 17, 2013, and was continued until June 17, 2013, upon the Motion for Relief from Automatic Stay filed by Nicholas & Bell, P.A. (Doc. No. 192) (the "Motion") and the Chapter 11 Trustee's Response and Objection to Motion for Relief from Automatic Stay Filed by Nicholas & Bell, P.A. (Doc. No. 301) (the "Objection"). The Court, having reviewed the Motion, the Objection, and the record, and being advised that the parties agree that, without determining the merits of the Motion, it is appropriate to grant the Motion to the extent set forth below. Accordingly, it is

**ORDERED** that:

1. RSUI Indemnity (the "Carrier") is authorized to pay costs and attorneys' fees incurred in the representation and the defense of its insureds under the officers and directors liability insurance policy No. HP64824 for policy period November 1, 2011 to November 1, 2012 (the "Policy") issued to the Debtor, to the extent set forth in this Agreed Order.

2. Nicholas & Bell, P.A. ("Movant") have provided to counsel to the Chapter 11 Trustee invoices from May 24, 2012 through June 14, 2013 for work in connection with the firms representation in the case of *Zachariah v. Desai*. Movant has represented to the Chapter 11

Trustee that these fess remain unpaid and that the invoices have been approved by the Florida Receiver for Universal Health Care, Inc. and Universal Health Care Insurance Company, Inc. (the "Unpaid Invoices").

3. Carrier and Movant are granted stay relief for purposes of paying Movant an amount of up to $100,000 for the Unpaid Invoices.

4. Prior to the Carrier making any future payment exceeding $500, Movant shall submit to counsel to the Chapter 11 Trustee a summary of the fees and costs to be paid relating to a particular insured using the form attached as **Exhibit A** to this order. Such requests may be submitted electronically to counsel to the Chapter 11 Trustee. A copy of each summary shall also be simultaneously filed electronically with the Court via the Court's CM/ECF system.

5. The Carrier is authorized to pay Movant the defense costs and attorneys' fees set forth on a summary unless counsel to the Chapter 11 Trustee, or any creditor, makes a specific objection to the amount of a particular request within 14 days of submission of the request. Such an objection shall be made in writing and shall be delivered electronically to Movant's counsel of record. In the event of an objection, Movant shall provide the underlying invoices and detail, subject to redaction if appropriate. Further, in the event of an objection, the Carrier is authorized to pay the uncontested amount of a request while the dispute over the contested amount of the request is resolved. The amount subject to objection shall be withheld until this Court rules upon the objection.

6. This Agreed Order shall have no application or precedential effect as to any other policy, representation, or law firm.

7. By entering into the agreement set forth in this Agreed Order, the Movant does not agree that the policy or the proceeds of the policy are property of the Debtor's bankruptcy estate, but agrees to abide by the terms of this Agreed Order.

8. By entering into the agreement set forth in this Agreed Order, the Trustee does not consent to the Movant's representation of the Debtor in any pending litigation, does not ratify the employment of the Movant in the bankruptcy case to the extent any such approval may have been necessary, and does not waive any claims against the Movant. The Trustee only agrees that the automatic stay is modified to permit Movant to seek its fees from RSUI to the extent of $100,000.

**DONE and ORDERED** in Chambers at Tampa, Florida, on June 18, 2013.

K. RODNEY MAY
**UNITED STATES BANKRUPTCY JUDGE**

Attorney Roberta A. Colton is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re:

UNIVERSAL HEALTH CARE GROUP, INC.,   Case No. 8:13-bk-01520-KRM
                                     Chapter 11
    Debtor.
_____/

## APPLICATION OF NICHOLAS & BELL, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO RSUI INDEMNITY FOR THE PERIOD FROM _____ THROUGH _____

Name of Law Firm: _____
Services Provided to: _____
Period for this Application: _____
Amount Paid to Date: _____
Amount of Defense Costs Sought/Fees: _____
Amount of Defense Costs Sought/
Reimbursement of Expenses: _____

This is an: _____ interim _____ final application

Disclose the following for each prior application to this Court:

|  |  | Requested |  | Approved |  | Paid |  |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Filed | Period | Fees | Expenses | Fees | Expenses | Fees | Expenses |
|  |  |  |  |  |  |  |  |
| **Total** |  |  |  |  |  |  |  |