UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| UNIVERSAL HEALTH CARE GROUP, INC., | Case No. 8:13-bk-01520-KRM |
| AMERICAN MANAGED CARE, LLC, | Jointly Administered with<br>Case No. 8:13-bk-05952-KRM |
| Debtors.<br>_____/ | |

**ORDER GRANTING MOTION TO APPROVE**
**GLOBAL SETTLEMENT WITH BANKUNITED, N.A.**

This Matter came before the Court on September 16, 2013 at 3:30 p.m. upon the Motion to Approve Global Settlement with BankUnited, N.A. (the "Motion")[1] [D.E. #434] and Florida Department of Financial Services as Receiver's Objection to the Trustee's Motion to Approve Global Settlement with BankUnited, N.A. (the "DFS Objection") [D.E. #506].

In support of the Motion, or request for clarification concerning the Motion, the Court considered arguments by Soneet R. Kapila, as Chapter 11 Trustee (the "Trustee") for debtor Universal Health Care Group, Inc., which is the sole member of debtor American Managed Care, LLC (collectively, the "Debtors"), including a clarification of the settlement and a proffer of the Trustee's testimony through his counsel, BankUnited, N.A., as Administrative Agent ("BankUnited") and the *Ad Hoc* Equity Steering Committee (the "Ad Hoc Committee") that approval of the settlement not bar claims or be deemed to release claims by any parties other than the Trustee and the Debtors' bankruptcy estates . The Court also considered arguments in

---

[1] The fully executed Settlement Agreement effective date of August 16, 2013 and as referenced by the Motion, was filed with this Court on August 16, 2013 (the "Notice of Filing") [D.E. #435].

1

opposition to the Motion advanced by the Florida Department of Financial Services, as court-appointed Receiver (the "Receiver") for Universal Health Care, Inc. and Universal Health Care Insurance Company, and comments by HCA Affiliated Providers.

After considering the Motion, the DFS Objection, the various arguments advanced at the hearing, the extensive record in this bankruptcy case and the factors identified in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), *cert denied,* 498 U.S. 959, 111 S. Ct. 387, 112 L. Ed. 2d 398 (1990), for the reasons stated on the record, the Court finds good cause exists for the granting of the Motion and sustaining, in-part, the DFS Objection.  Accordingly, it is

ORDERED and ADJUDGED as follows:

1. The Motion is GRANTED, as provided by this Order.

2. The Settlement Agreement by and among the Trustee, American Managed Care, LLC, BankUnited, N.A., Capital Bank Financial Corp., Mercantile Commercebank, N.A., Banco de Credito y Inversiones Miami Branch and Israel Discount Bank, effective August 16, 2013, as referenced by the Motion and filed with this Court pursuant to the Notice of Filing is APPROVED, as clarified on the record.

3. The DFS Objection is SUSTAINED, IN-PART, as follows:  With the exception of the Trustee and any claim raised or could have been raised, whether known or unknown, through the Debtors' bankruptcy estates, no findings contained in this Order or facts stipulated in the Settlement Agreement shall have any force or effect, whether under theories of *res judicata*, collateral estoppel, or otherwise, against any person or entity, including the Receiver.

4. Nothing in this Order or the Settlement Agreement shall be construed to effectuate the release of any claim or liability, discharge of any claim or liability, or exculpation

from any claim or liability, with respect to any person or entity other than the Trustee or the Debtors' bankruptcy estates.

DONE and ORDERED in Chambers at Tampa, Florida on October 24, 2013 _____.

_____
HONORABLE K. RODNEY MAY
United States Bankruptcy Judge

Attorney Solomon is directed to serve a copy of this order on interested parties and to file a proof of service within three days of entry of the Order.

# 1111213 v2