**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

UNIVERSAL HEALTH CARE GROUP, INC.,     Chapter 11
   Case No. 8:13-bk-01520-KRM

AMERICAN MANAGED CARE, LLC,     Jointly Administered with
   Case No. 8:13-bk-05952-KRM

    Debtors.
_____/

**ORDER ON TRUSTEE'S MOTION**
**FOR SETTLEMENT PROCEDURES AND FOR**
**STANDING ORDER AUTHORIZING COMPROMISE**
[Doc. No. 597]

THIS CASE came for hearing on December 19, 2013, upon the Trustee's Motion for Settlement Procedures and for Standing Order Authorizing Compromise (the "Motion")[1] filed by Soneet R. Kapila, as Chapter 11 Trustee of Universal Health Care Group, Inc. (the "Trustee") (Doc. No. 597) on November 12, 2013. The Court, having reviewed the record and being otherwise advised in the premises, and for the reasons stated orally in open court that shall constitute the findings of the Court, finds the Motion is well-taken and should be granted. Accordingly, it is

**ORDERED** that:

1.     The Motion is **GRANTED to the extent set forth herein**.

2.     Soneet R. Kapila, the court-appointed Chapter 11 Trustee for the bankruptcy estate of Universal Health Care Group, Inc., which entity serves as the sole member of American Managed Care, LLC, is hereby authorized to investigate, pursue

---

[1] All capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

and settle all Chapter 5 causes of action in both of the above-captioned cases, to the extent provided for in this Order.

3. The proposed notices to creditors as provided for in the Motion are **APPROVED, subject to the modifications contained in this Order**.

4. Subject to the limitations set forth in this Order, the Trustee is authorized to compromise and settle certain avoidance actions within the parameters of the Lump Sum Settlements, settlements for ninety percent (90%) of the amount demanded, as outlined in the Motion, without further order of the Court, financial affidavit, or additional motions, *nunc pro tunc* to September 1, 2013.

5. Subject to the limitations set forth in this Order, the Trustee is authorized to compromise and settle certain avoidance actions within the parameters of the Lower Dollar Amount Settlements, for settlements of claims with face values of $25,000 or less, as outlined in the Motion, without further order of the Court, affidavit, or additional motions.

6. Subject to the provisions of this Order, the Trustee is authorized to enter into and file under seal certain Unique Settlement Agreements as outlined in the Motion, with only notice to the United States Trustee and BankUnited; provided however, that:

   a. none of the Unique Settlement Agreements will include any bar order, injunction, or release of claims of third parties, including without limitation, creditors and equity security holders;

   b. a docket entry will be made any time a Unique Settlement Agreement is filed under seal; and

    c.    any party in interest, including a creditor and equity security holder, who is not also a target of any avoidance action or demand will be permitted to promptly receive a copy of any Unique Settlement Agreement upon:

        i.    a written request to the Trustee, c/o Stephanie C. Lieb, Trenam Kemker, 101 E. Kennedy Blvd., Suite 2700, Tampa, FL 33602, slieb@trenam.com, and

        ii.    receipt of a fully executed confidentiality agreement prohibiting disclosure of the Unique Settlement Agreement subject to certain standard exceptions, including without limitation, (i) the ability of the party in interest to seek relief from the confidentiality provisions from this Court or upon the prior written consent of the Trustee; (ii) the ability of the party in interest to comply with any legal disclosure requirements, including a subpoena from a court of competent jurisdiction or request for production in litigation provided that such party in interest shall promptly provide notice of same to the Trustee such that the Trustee will have an opportunity to file an objection to disclosure before the court in question; and (iii) the ability of the party in interest to disclose the Unique Settlement Agreement to such party's attorneys and their paralegals and

administrative staff.

d. The Unique Settlement Agreements are subject to consideration and approval of the Court and the right of parties in interest to object; provided, however the terms of the Unique Settlement Agreement will remain under seal and any hearings to consider such objections will be hear by the Court via *in camera* only, unless and until the Court orders otherwise.

7. Notwithstanding anything to the contrary herein or in the Motion, the foregoing procedures shall not be employed for any settlements that seek to or would (i) bar, release, or enjoin the claim of third parties, including without limitation creditors and equity security holders, or (ii) release significant non-avoidance claims of the Trustee, the Debtors, or the Debtors' estates. Any non-avoidance claims in which the Trustee could only seek less than $100,000 shall not be deemed a "significant" non-avoidance claim for purposes of this Order.

**DONE** and **ORDERED** in Chambers, Tampa, Florida on January 10, 2014 _____.

_____
**K. RODNEY MAY**
**United States Bankruptcy Judge**

Attorney Roberta A. Colton is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.