**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

UNIVERSAL HEALTH CARE GROUP, INC.,

AMERICAN MANAGED CARE, LLC,

Debtors.
_____/

Chapter 11
Case No. 8:13-bk-01520-KRM

Jointly Administered with
Case No. 8:13-bk-05952-KRM

**JOINT MOTION TO MODIFY GLOBAL SETTLEMENT**
**WITH BANKUNITED, N.A.**

Soneet R. Kapila, as the duly appointed Chapter 11 Trustee (the "Trustee") for the estate of Universal Health Care Group, Inc. (the "Debtor"), which entity serves as the sole member of American Managed Care, LLC, by and through his undersigned counsel, and BankUnited, NA as administrative agent ("BankUnited"), move for entry of an order modifying the terms of the global settlement between the Trustee and BankUnited, which this Court previously approved in its order dated October 24, 2013 (Doc. No. 585) (the "Settlement"). The terms of the proposed modification of the Settlement (the "Modification") are set forth in detail below. In support of this Motion, the Trustee states:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  This Motion is brought pursuant to Bankr. Rule 9019 and 11 U.S.C. § 364.

**INTRODUCTION**

4.  On August 16, 2013, the Trustee filed (a) his motion seeking court approval of the Settlement (Doc. No. 434) and (b) a fully executed copy of the Settlement (Doc. No. 435-1). The Settlement came before this Court for hearing on September 16, 2013 and this Court entered an order approving the Settlement on October 24, 2013 (Doc. No. 585).

5.  The Settlement provided the Debtor with a 15% carve out of any surplus attributable to the Debtor's ownership of (i) Universal Health Care, Inc. ("UHC"), (ii) Universal Health Care Insurance Company, Inc. ("UHCIC"), (iii) Universal HMO of Texas, Inc. ("UHMOT"), (iv) Universal Health Care of Nevada, Inc. ("UHCNV"), and (v) Universal Health Care of Georgia, Inc. (collectively the "Subsidiaries").

6.  The Trustee owns 100% of the outstanding equity interests in the Subsidiaries (the "Equity Interests").

7.  Prior to February 6, 2013 (the "Petition Date"), the Debtor granted BankUnited a security interest in the Equity Interests as collateral for the obligations owed to BankUnited under a credit agreement (the "Credit Agreement").

8.  Pursuant to the Settlement, the Trustee recognized the validity of BankUnited's liens on the Debtor's pre-petition assets, including the Equity Interests, subject to the agreed carve outs in the Settlement.

9. BankUnited separately obtained stay relief from this Court to exercise all of its voting rights over the Debtor's equity interest in UHMOT and UHCNV (Doc. No. 539).[1]

## THE PROPOSED ACTION

10. The Trustee and BankUnited seek to modify the Settlement to (i) increase the carve out to Debtor from 15% to 25% of any surplus attributable to the Debtor's ownership of the Subsidiaries; (ii) to return the voting rights in UHMOT and UHCNV to the Trustee; and (iii) to provide that BankUnited will advance funds for the preservation of the Debtor's computer servers as described more fully below.

11. In consideration of the modification, the Trustee agrees to file a motion requesting authorization to appoint J. Mark Abernathy ("Mr. Abernathy") as the sole director of (i) UHMOT and (ii) UHCNV; (b) directing Mr. Abernathy to evaluate and advise the Trustee and BankUnited whether it is appropriate to file Chapter 11 petitions for UHMOT and UHCNV to preserve the equity in UHMOT and UHCNV; and (c) providing Mr. Abernathy the authority to file Chapter 11 bankruptcy petitions for UHMOT and UHCNV if he deems it appropriate (the "Authority Motion").[2]

12. Mr. Abernathy will need access to the Debtor's computer servers to properly perform his duties. Because DFS, in its capacity as receiver for UHC, has

---

[1] BankUnited filed a similar stay relief motion as to UHC and UHCIC but ultimately withdrew that motion without prejudice. *See* Doc. No. 634.

[2] The Authority Motion is only directed to UHMOT and UHCNV as the Trustee, BankUnited and the Florida Department of Financial Services ("DFS"), as receiver for UHC and UHCIC, are parties to a standstill agreement pending this Court's rulings on certain filings in Adv. Pro. No. 8:13-ap-00392-KRM. The Authority Motion is being filed simultaneously with this Modification Motion. The Trustee expects to request the same relief asked for in the Authority Motion as to UHC and UHCIC after the standstill expires.

entered into an agreement to sell the building where the Debtor and the Subsidiaries operated, BankUnited has agreed to advance (a) the costs (up to $16,000) associated with moving the computer servers to a new location and (b) the monthly costs (for a minimum of three months at $14,934 a month) associated with maintaining the computer servers (collectively, the "IT Costs"). Prior to the expiration of the three month period, BankUnited will re-evaluate whether to continue advancing the monthly costs, which it may do at its sole and exclusive discretion. The Trustee agrees that BankUnited will be entitled to an administrative expense claim for any of the IT Costs advanced, subject to this Court's approval (the "IT Administrative Claim"). To the extent that this advance is construed to be a loan, the Trustee seeks approval pursuant to 11 U.S.C. § 364(b).

13. BankUnited also agrees to provide a limited indemnity to the Trustee and his counsel for any and all claims that may be asserted as a result of the Authority Motion, any subsequent authority motion and any subsequent bankruptcy filings by Mr. Abernathy on behalf of UHMOT and UHCNV (the "Indemnity"). If BankUnited makes any advances pursuant to the Indemnity, the Trustee agrees that BankUnited shall be reimbursed through an allowed administrative expense in the Debtor's bankruptcy if the bankruptcy petitions of UHMOT and/or UHCNV are sustained by this Court (the "Indemnity Administrative Claim"). The Trustee and BankUnited further agree that the Indemnity Administrative Claim shall be payable only from amounts received by the Debtor on account of the Equity Interests attributable to UHMOT and UHCNV and shall be capped at 10% of the aggregate recoveries.

14. The Modification is in the best interests of the Debtor's estate as it affords the estate the opportunity for greater recovery from the Equity Interests and it will further the goal of maximizing the value of the Subsidiaries by having streamlined procedures, which can be better monitored to avoid duplication.

**WHEREFORE**, the Trustee respectfully requests the entry of an order:

a. Granting this Motion;

b. Modifying the Settlement; and

c. Granting such other relief as the Court deems appropriate.

Dated: February 11, 2014.

/s/ Roberta A. Colton
ROBERTA A. COLTON
Florida Bar No. 0371289
rcolton@trenam.com
RHYS P. LEONARD
Florida Bar No. 0059176
rleonard@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, PA
2700 Bank of America Plaza
Tampa, Florida 33602
Post Office Box 1102
Tampa, Florida 33601-1102
Telephone: (813) 223-7474
*Attorneys for the Chapter 11 Trustee*

Frank P. Terzo
Florida Bar No. 906263
frank.terzo@gray-robinson.com
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Telephone: (305) 416-6880
*Attorney for BankUnited*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 11, 2014, a true and correct copy of the foregoing **Joint Motion to Modify Global Settlement with BankUnited, N.A.** was forwarded through the Court's CM/ECF Noticing System/e-mail, facsimile and/or U.S. mail to: **Universal Health Care Group, Inc.** c/o Soneet R. Kapila, Chapter 11 Trustee, P.O. Box 14213, Fort Lauderdale, FL 33302; **Harley E. Riedel, Esq., Barbara A. Hart, Esq., Russell M. Blain, Esq., and Scott A. Stichter, Esq.**, Stichter Riedel Blain & Prosser, 110 East Madison Street, Suite 200, Tampa, FL 33602; **Jeff J. Friedman, Esq.**, Katten Muchin Rosenman, LLP, 575 Madison Avenue, New York, NY 10022-2585; **Trustee Soneet R. Kapila**, Kapila & Company, 1000 South Federal Highway, Suite 200, Fort Lauderdale, FL 33316; **United States Trustee – TPA**, Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, FL 33602; **J. Mark Abernathy**, Berkeley Research Group, LLC, 2502 N. Rocky Point Dr., Ste. 695, Tampa, FL 33607 (mabernathy@brg-expert.com); **Florida Department of Financial Services**, Messana, P.A., Thomas M. Messana, 401 E. Las Olas Blvd., Suite 1400, Fort Lauderdale, FL 33301 (tmessana@messana-law.com); Jody Collins, **Florida Department of Financial Services**, 8240 N.W. 52nd Terrace, Suite 102, Doral, FL 33166 (jody.collins@myfloridacfo.com); E. Stuart Phillips, Office of Financial Counsel, **Texas Department of Insurance**, P.O. Box 149104, Austin, TX 78714-9104 (stuart.phillips@tdi.texas.gov); Patrick H. Cantilo, Cantilo & Bennett, L.L.P., **Special Deputy Receiver of Universal Health Care of Nevada, Inc.**, P.O. Box 184, Austin, TX 78767 (UHCNV@cb-firm.com), 512-404-6550 (Fax); **Frank P. Terzo**, Gray Robinson, 1221 Brickell Avenue, Suite 1600, Miami, FL 33131; all parties on the attached **Local Rule 1007-2 Parties in Interest List**; and all registered **CM/ECF recipients**.

/s/ Roberta A. Colton
Attorney