ORDERED.

Dated:  December 07, 2016

K. Rodney May
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re

UNIVERSAL HEALTH CARE　　　　　　　　　Case No. 8:13-bk-01520-KRM
GROUP, INC.,　　　　　　　　　　　　　　　　Chapter 11

　　　Debtor.
_____/

**ORDER DENYING
LIQUIDATING AGENT'S MOTION FOR AMENDMENT
AND ADDITIONAL FINDINGS UNDER ORDER GRANTING MOTION
BY CERTAIN MINORITY SHAREHOLDERS TO DETERMINE THAT THE
AUTOMATIC STAY DOES NOT APPLY TO STATE COURT ACTION AGAINST
CERTIN WARBURG PINCUS PARTIES, AKSHAY DESAI, AND CERTAIN OTHER
FORMER DIRECTORS, OR ALTERNATIVELY FOR STAY RELIEF (Doc. No. 1953)**

THIS CASE came on for hearing on September 29, 2016, regarding the *Motion for Amendment and Additional Findings under Order Granting Motion by Certain Minority Shareholders to Determine that Automatic Stay does not Apply to State Court Action against Certain Warburg Pincus Parties, Akshay Desai, and Certain other Former Directors, or Alternatively for Stay Relief (Doc. No. 1953)* (**Docket #1960**) (the "Motion") filed by Soneet R. Kapila, as Liquidating Agent (the "Liquidating Agent") for the bankruptcy estate of Universal Health Care Group, Inc. ("Universal"), as well as the *Defendants' Response in Opposition to Plaintiff's Motion for Amendment and Additional Findings under Order Granting Motion by*

*Certain Minority Shareholders to Determine that Automatic Stay does not Apply to State Court Action against Certain Warburg Pincus Parties, Akshay Desai, and Certain other Former Directors, or Alternatively for Stay Relief* (**Docket #1965**) (the "Response") filed by the Minority Shareholders.[1][2] Through the Motion, the Liquidating Agent moves the Court to amend its findings or make additional findings beyond those expressed in the *Order Granting Motion by Certain Minority Shareholders to Determine that Automatic Stay does not Apply to Sate Court Action against Certain Warburg Pincus Parties, Akshay Desai, and Certain other Former Directors, or Alternatively for Stay Relief* (**Docket #1953**) (the "Order").

While the Motion is presented as a request to amend and make additional findings, it is essentially a motion for reconsideration. The Liquidating Agent asserts that the Court overlooked its power and authority to issue an injunction under 11 U.S.C. §105(a), based its decisions in the Order "on the fact that the Court overlooked its real power,"[3] and "found as a matter of law that [the Court] had no power and jurisdiction [to issue an injunction]."[4] As grounds for the Motion, the Liquidating Agent references several excerpts from the Court's oral findings of fact and conclusions of law from the August 8, 2016 hearing,[5] and attempts to support his position through a bevy of cases that this Court had previously considered (and has again reviewed).

The Liquidating Agent's Motion is not well taken because it misinterprets the Court's ruling. The Court's ruling was premised on the conclusion that it does have the inherent authority

---

[1] The Minority Shareholders consist of the Defendants in Adversary Proceeding 8:15-ap-220-KRM.
[2] Post-hearing, the Minority Shareholders filed their *Defendants' Notice of Filing of Post-Hearing Submission in Opposition to Post-Confirmation Liquidating Agent's Motion for Reconsideration* (**Docket #1977**) and *Defendants' Notice of Filing Response to Motion for Determination of Whether Court wants Liquidating Agent to file Response to Defendants' Post-Hearing Submission* (**Docket #1980**), and the Liquidating Agent filed a *Motion for Determination of Whether Court wants Liquidating Agent to file Response to Defendants' Post-Hearing Submission (Doc. No. 1977)* (**Docket #1979**). The Court concluded that it did not need to consider any additional filings.
[3] Motion, p. 7.
[4] Motion, p. 12.
[5] A transcript of the August 8, 2016 hearing is attached as "Exhibit A" of the Motion (the "Transcript").

2

to issue an injunction under §105(a) *when it is appropriate*;[6] but, that does not automatically mean that it should.[7] A party seeking injunctive relief through §105(a) must satisfy the four elements of Rule 65, Federal Rules of Civil Procedure.[8]

The Liquidating Agent cannot show a substantial likelihood of success on the merits, and therefore is not entitled to an injunction. The Liquidating Agent's *Amended Complaint* (**Adv. No. 8:15-ap-220-KRM Docket #78**) asserts two claims: Count I is for declaratory judgment finding that the Minority Shareholders' state court action is in violation of the automatic stay; Count II is an action for injunctive relief. The Court found the Minority Shareholders' state court claims, as set forth in their amended complaint filed on August 25, 2016 against non-Debtor third parties, consists entirely and exclusively of direct, independent claims, not derivative claims that would be property of the bankruptcy estate. Their claims, therefore, are not subject to the provisions of 11 U.S.C. §362(a).[9] Accordingly, Count I fails. Count II also fails for similar reasons.[10]

Further, the Liquidating Agent cannot show that he or his trust will suffer irreparable harm unless an injunction is issued. As stated previously, the Minority Shareholders are not pursuing

---

[6] *See* Transcript, p.12, lines 19-23.
[7] The Court is unaware of any 11th Circuit case that absolutely requires the issuance of an injunction in the circumstance of a trustee and a creditor pursuing different claims against common defendants simply because this Court has the power to do so. This Court continues to find persuasive Judge Mark's reasoning in *In re CHS Electronics, Inc.*, 261 B.R. 538, 544 (Bankr. S.D. Fla. 2001) that a bankruptcy trustee (or liquidating trustee) with a competing claim does not obtain any different status or rights than a non-bankruptcy plaintiff with an unliquidated claim against third-parties which may be covered by non-estate asset insurance proceeds about to be used to settle or satisfy a claim of other plaintiffs. The Liquidating Agent does not obtain super-plaintiff powers in causes of actions against common third parties, and is merely another litigant wishing to pursue claims that may be payable from D & O proceeds.
[8] *See Altman v. David & Dingle Family Dentistry (In re EZ Pay Servs.)*, 389 B.R. 751, 756 (Bankr. M.D.Fla. 2007); *In re Olympia Holding Corporation*, 161 B.R. 524, 528 (M.D.Fla. 1993); *In re Regency Realty Associates*, 179 B.R. 717, 720 (Bankr. M.D.Fla. 1995).
[9] Transcript, p. 10, line 19 through p. 11, line 6.
[10] Count II seeks an injunction to prevent prosecution by the Minority Shareholders for actions "related to and derivative of [Universal]" "pending resolution of the contested matters outlined herein." The Court has determined that the Minority Shareholders' state court action, as set forth in their amended complaint, does not seek to prosecute a derivative action, which would be property of the estate.

claims that are property of the estate. The Debtor's chapter 11 plan has been confirmed.[11] There is no threat of usurpation of assets, divergent rulings, or hindrance of the administration of the estate.[12] While the Court is cognizant that the Liquidating Agent may experience "collateral impact" without the injunction, this is not irreparable harm. Even though the insurance company may be reluctant to finalize a settlement with the Liquidating Agent while the Minority Shareholders' state court action is pending, that is not an absolute bar to settlement. The Minority Shareholders have direct, independent claims, and have the right to assert them, whether now or in the future; the insurance company surely knows this, and those claims may affect the insurance company's settlement offer regardless of when the Minority Shareholders get their opportunity to pursue their claims.

A bankruptcy court has the inherent power under 11 U.S.C. §105(a) to issue an injunction against third parties in appropriate circumstances. However, the moving party must still meet and satisfy the traditional requirements for such relief under F.R.C.P. Rule 65. Accordingly, it is

**ORDERED**:

That the Motion is hereby DENIED.

### 

Attorney Ketchey is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of the entry of the order.

---

[11] The *Final Order Confirming Chapter 11 Trustee's Liquidating Plan for Universal Health Care Group, Inc. dated April 16, 2015* (**Docket #1646**) was entered on August 18, 2015. The confirmation order for jointly administered case *In re American Managed Care, LLC*, Case No.: 8:13-bk-05952-KRM (**Docket #1648**) was also entered on August 18, 2015.

[12] Anything recovered by the Minority Shareholders in their state court action is not property of the estate, and therefore is not subject to the bankruptcy plan's distribution scheme.